Case 2:16-cv-04648-JHS Document 1 Filed 08/26/16 Page 1 of 19

#400



## IN THE UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL LEE-OWENS<br>749 West Allens Lane<br>Philadelphia, PA 19119<br>         **Plaintiff**<br><br>v.<br><br>SCHOOL DISTRICT OF<br>PHILADELPHIA<br>440 North Broad Street<br>Philadelphia, PA 19130<br>         **Defendant** | CIVIL ACTION NUMBER:<br><br>JURY TRIAL DEMANDED<br><br>16    4648 |

### CIVIL ACTION

Plaintiff CHERYL LEE-OWENS, by and through her undersigned counsel, brings this civil action against Defendant SCHOOL DISTRICT OF PHILADELPHIA and avers the following:

### I. JURISDICTION AND VENUE

1. Plaintiff brings this action under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., as amended, Americans with Disabilities Act Amendment Act of 2008 (ADAAA), and the Pennsylvania Human Relations Act (PHRA), 43 P.S. 951-963, et seq.

2. This Court has jurisdiction pursuant to the following statutes:

    A. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

B. 28 U.S.C. § 1343 (3) and (4), which gives district courts jurisdiction over actions to secure civil rights extended by the United States government; and

C. 28 U.S.C. 1367, which gives district courts supplemental jurisdiction over state law claims.

3. Venue is proper in this district under 28 U.S.C. 1391(B) inasmuch as the events giving rise to these claims occurred within this district.

4. Plaintiff received the 90 day Notice of Right to Sue from the Justice Department on June 3, 2016. (See Right to Sue letter attached hereto.)

II. PARTIES

5. Plaintiff is a citizen of the United States and resides in Philadelphia, Pennsylvania, which is in this judicial district.

6. Defendant is a publicly funded quasi-governmental agency duly constituted under state law to provide educational services for the children residing in Philadelphia, Pennsylvania in accordance with federal and state law.

7. Defendant is also the recipient of federal funding which, in part, is conditioned upon Defendant's compliance with federal laws, including those laws prohibiting employment discrimination.

8. Defendant employs in excess of 500 employees.

III. FACTUAL BACKGROUND

9. All preceding allegations are incorporated herein as if set forth fully at length below.

10. Plaintiff began her employment with Defendant as a teacher in 1987.

11. At all times relevant hereto, Maya Johnstone was Plaintiff's immediate supervisor at Wagner Middle School, which is located at 1701 Chelten Avenue, Philadelphia, Pennsylvania.

12. Plaintiff is a 1979 Honors graduate from Howard University located in Washington, D.C.

13. In 1982, Plaintiff graduated with Honors from Temple University receiving a Master's Degree in Special Education.

14. At the time of her forced retirement, Plaintiff was employed as a certified teacher with a Master's Degree plus 30 hours of additional academic training and her pay grade was Step 11, which was the highest level for salary credit. Her salary was $83,381 annually.

15. At Wagner School, Plaintiff worked as an Educational Inclusion Specialist. In this capacity, Plaintiff was responsible for the implementation of the Inclusion Program in which she was responsible for integrating students with disabilities and students without disabilities in the same classroom setting.

16. In performing her duties, the physical demands were numerous. Plaintiff was required to go to classrooms, teach daily, stand, kneel, crouch, stoop and bend over students to provide individual instruction and apply skill development techniques to the student population that she served. Plaintiff was also required to carry heavy books, computers, printers and other equipment.

17. According to her medical history, Plaintiff suffers from fibromyalgia, rheumatoid arthritis, osteoarthritis, tendonitis, glaucoma, spinal stenosis,

advanced degenerative joint disease of the lumbar spine, and complete right rotator cuff tear.

18. Plaintiff is a qualified individual with a disability as defined in 42 U.S.C. § 12111(8).

19. As a result of her medical condition, Plaintiff was placed on extended sick leave in September, 2011.

20. Plaintiff returned to work in May, 2012 and completed working in the school year in June, 2012.

21. Plaintiff returned to work at the beginning of the 2012-2013 school year in September, 2012 and went out on extended sick leave from January, 2013 until June, 2013.

22. On or about August 26, 2013, Plaintiff, in preparation for her return to work, contacted Ms. Maya Johnstone, the Principal at Wagner Middle School, to inquire about her room assignment.

23. Ms. Johnstone informed Plaintiff that she (Plaintiff) would be reassigned from her room on the second floor to a room on the third floor of the building.

24. Plaintiff informed Ms. Johnstone that the reassignment to the higher floor in the building, which has no elevators, was a problem due to Plaintiff's medical condition and prior medical leaves, which was well documented in her medical file at the school district.

25. Ms. Johnstone failed to engage initially an interactive process to determine what accommodation regarding room assignment would have been

possible to permit Plaintiff to return to work with a reasonable accommodation of no stairs, as was requested in Plaintiff's letter to Andrew Rosen dated August 27, 2013.

26. On or about August 28, 2013, Plaintiff went to Wagner School ready to return to work.

27. Upon inspecting her work area, Plaintiff found her belongings packed in boxes, bags and crates outside her former classroom on the second floor.

28. Upon discovering the items in the hallway, Plaintiff asked Johnstone where she (Plaintiff) would be moving at which time Plaintiff was advised that no decision on her room assignment had been made.

29. Plaintiff was informed by another colleague that she (Plaintiff) was being moved because Johnstone concluded that she would "probably go out anyway". Johnstone, by her conduct, was aware of Plaintiff's condition and created a barrier to Plaintiff's performance of her duties by intentionally forcing Plaintiff to climb stairs in light of Plaintiff's physical condition. Johnstone regarded Plaintiff as disabled in light of the classroom reassignment for Plaintiff due to Plaintiff's physical condition.

30. In a letter dated August 30, 2013, Plaintiff's treating physician indicated that Plaintiff needed an accommodation of no stair climbing due to her physical condition. This letter and her request for a reasonable accommodation pursuant to the Americans with Disabilities Act were sent by fax to Andrew Rosen, Deputy Employee Relations.

31. In an email dated Tuesday, September 3, 2013, Mr. Rosen informed Plaintiff that the District "does not consider or perceive you as disabled and you are required to perform all of your duties until your request is approved". Plaintiff understood these comments to mean that Defendant did not regard Plaintiff as disabled under the Americans with Disabilities Act.

32. The actions of Johnstone and Rosen summarily prevented the initiation of the interactive process thereby constituting bad faith conduct since Plaintiff requested a simple, reasonable accommodation of a first floor room assignment to avoid climbing stairs as her doctors noted.

33. Rosen, acting on behalf of Defendant, never considered engaging in an interactive process to attempt to make a simple, reasonable accommodation for Plaintiff to return to work without a physical barrier to the performance of her duties, as is required by the Americans with Disabilities Act.

34. Plaintiff was directed to report to Employee Health Services on September 4, 2013.

35. At Employee Health Services Plaintiff was seen by Dr. Jones, who is familiar with Plaintiff's medical history. Dr. Jones failed to engage in an interactive process with Plaintiff or Plaintiff's physician to develop a reasonable accommodation for Plaintiff to return to work.

36. Despite Defendant's awareness of Plaintiff's medical records and history, which include (1) x-rays of Plaintiff's lumbar spine taken in January, 2006 interpreted as showing discogenic degenerative changes, (2) an MRI of Plaintiff's sacroiliac joints done in January, 2006 showing a persistent defect involving the

lateral aspect of the lower sacrum on the left side, (3) x-rays of Plaintiff's lumbar spine taken in January, 2011 showing multilevel discogenic and degenerative changes, and (4) an MRI taken in September, 2011 showing disc degeneration of the lumbosacral spine with bulging canal stenosis and bilateral femoral stenosis at the L5/S1 level which were produced to Defendant in conjunction with Plaintiff's leave requests, Defendant refused to engage in an interactive process in good faith to develop a reasonable accommodation for Plaintiff.

37. Despite knowledge of Plaintiff's medical history, Dr. Jones, acting on behalf of Defendant, dismissively informed Plaintiff that spinal stenosis is not a disability and, in her "opinion", she sees it as a treatable illness.

38. The onset date of Plaintiff's disability was determined to have occurred on July 5, 2011, according to a ruling by the Social Security Administration dated April 29, 2014. However, Plaintiff was able to work with reasonable accommodation.

39. The ADA, ADAA and the implementing regulations make it unlawful for Defendant to fail to make a reasonable accommodation for an otherwise qualified person, such as Plaintiff, because of her known physical impairment which prevents her from climbing stairs in a building that has no elevators.

40. The ADA, the ADAA and the implementing regulations make it unlawful for Defendant to deny Plaintiff the opportunity for employment on the basis of the need for reasonable accommodation, such as a room assignment on the first floor of Wagner School or transfer to a school with an elevator.

41. Plaintiff has had a substantial record of physical impairment, all of which was known to Defendant.

42. Upon information and belief, there was no undue hardship imposed on the Defendant in the reassignment of Plaintiff to the first floor or to another school with elevators given her disability.

43. On September 5, 2013, Plaintiff, in support of her request for a reasonable accommodation, faxed another letter advising that Plaintiff should not be forced to climb stairs due to her condition to Rosen and Carol Kenney. This letter was from Plaintiff's physical therapist, Colene Claiborne, DPT. Dr. Claiborne is the Clinical Supervisor at Aqualab Physical Therapy.

44. Defendant never responded to any of Plaintiff's requests for a reasonable accommodation.

45. Plaintiff asked Johnstone about the status of the request for a reasonable accommodation. Johnstone told Plaintiff, "you are not a priority for anyone downtown". Plaintiff understood this comment to mean that the request for the reasonable accommodation was to be ignored and, in fact, was never acted upon by the Defendant. Plaintiff also understood these comments to mean that Defendant would not engage in the interactive process.

46. On September 23, 2013, Plaintiff was forced to go out of work permanently on sick leave due to the exacerbation of pain in her hands and arms from pulling herself up and down three flights of stairs every work day after she returned to work.

47. The forced stair climbing caused Plaintiff to develop carpal tunnel syndrome as a result of the constant grabbing of the stair rails to keep from falling due to her physical limitations.

48. Upon information and belief, Defendant knew or had reason to know that Plaintiff's physical condition would exacerbate due to Defendant's inaction regarding Plaintiff's request for the reasonable accommodation and/or Defendant's intentional failure to engage in the interactive process with Plaintiff to develop a reasonable accommodation.

49. Prior to Plaintiff's return to work Defendant assigned a younger woman to Plaintiff's former classroom on the second floor. Upon information and belief, this woman had no physical problems climbing stairs.

50. Upon information and belief, Johnstone's reassignment of Plaintiff to the third floor, coupled with Defendant's inaction in responding to Plaintiff's request for reasonable accommodation despite the doctors' reports, was calculated to aggravate Plaintiff's condition and force her out of her job.

51. The stairway was clearly a barrier to the efforts of Plaintiff to perform her duties in a building with no elevators.

52. Plaintiff, who had her rotator cuff surgically repaired prior to the room reassignment in 2013, reinjured the right rotator cuff after the reassignment and was diagnosed with a complete tear of the right rotator cuff. Defendant, or its employees or agents, caused Plaintiff to aggravate a preexisting condition.

53. On September 23, 2013, unable to continue to climb stairs, coupled with Defendant's intentional failure to engage in the interactive process to

develop a reasonable accommodation for Plaintiff, Plaintiff was forced to take sick leave and eventually constructively discharged through forced retirement because of her disability.

54. Plaintiff sent a status request regarding the payout to Andrew Rosen on October 14, 2013, and received no response even though Plaintiff retired on disability status on October 7, 2013.

55. On or about June 9, 2014, Plaintiff, after patiently waiting for a response from Rosen regarding her personal leave payout to which she was entitled, contacted Lincoln Investment to inquire about the status of the payout.

56. Plaintiff was informed that the School District defined her status as terminated which rendered her ineligible to receive the payout.

57. Upon information and belief, this characterization of Plaintiff's employment status was done to delay the payout and thus was in retaliation for complaining about Defendant's failure to provide the reasonable accommodation. Further, the mischaracterization delayed her payout payment.

58. As a direct and proximate result of Defendant's conduct and/or employees acting on behalf of Defendant, Plaintiff suffered humiliation, embarrassment, anxiety and mental anguish.

59. As a direct and proximate result of the Defendant's conduct as stated above, Plaintiff has lost income and benefits.

60. As a direct and proximate result of the conduct of Defendant, or its employees or agents acting on behalf of Defendant, Plaintiff has suffered further physical injury.

61. As a direct and proximate result of the conduct of Defendant, its employees or agents, Plaintiff lost professional stature and employment.

62. The complaints about Defendant's failure to make a reasonable accommodation in light of Plaintiff's disability, as well as her complaints about the conduct of Rosen, Johnstone and Dr. Jones, constituted protected activity which is protected by 42 U.S.C. § 12203(a) in light of <u>Burlington Northern and Santa Fe Ry. V. White</u>, 548 U.S. 53, 126 Sup. Ct. 2405 (2006).

### A. FEDERAL CLAIMS

### COUNT 1

<u>Plaintiff v. Defendant School District</u>
Violation of the Americans with Disabilities Act
as Amended, 42 U.S.C. § 12112(a)(1),
42 U.S.C. § 12112(a)(3) and 42 U.S.C. 12112(a)(5)(A) and (B)

63. The preceding paragraphs alleged herein are incorporated and made a part hereof as if fully set forth below.

64. Plaintiff is a qualified individual who with a reasonable accommodation can perform the essential functions of the position that she held.

65. Defendant, through Johnstone, reassigned Plaintiff to a classroom that required Plaintiff to climb three flights of stairs in a school building with no elevators.

66. Defendant knew or had reason to know that Plaintiff's doctors stated in several reports that Plaintiff was not to engage in stair climbing as a result of her physical condition which qualified as a disability or physical impairment.

67. Johnstone, acting on behalf of Defendant, reassigned Plaintiff to a third floor classroom fully aware of the opinion of Plaintiff's doctors, as stated above.

68. Defendant failed to engage in an interactive process to create a reasonable accommodation for Plaintiff.

69. Defendant's failure to accommodate Plaintiff's limitations affected the terms and conditions and privileges of her employment.

70. Plaintiff was substantially limited in performing a major life activity in walking up and down stairs and was regarded as disabled by Johnstone.

71. Defendant was aware of Plaintiff's substantial record of impairment.

72. Defendant discriminated against Plaintiff on the basis of disability in denying her employment and by altering the terms and conditions of her employment such that Plaintiff was forced to retire due to the disability in violation of 42 U.S.C. § 12101(a) and (b) and 42 U.S.C. § 12112(a).

73. Defendant discriminated against Plaintiff, a qualified individual, on the basis of disability by utilizing a method of administration, to wit, a classroom reassignment that required Plaintiff to walk up and down stairs in a building with no elevators without a reasonable accommodation thereby exacerbating her disability and forcing Plaintiff to retire in violation of the Americans with Disabilities Act, as Amended.

WHEREFORE, it is respectfully requested that this Honorable Court grant judgment in favor of Plaintiff and against Defendant and award monetary damages in excess of $150,000 to Plaintiff for lost income, mental anguish, pain

and suffering, humiliation and embarrassment, and any other relief which the Court deems proper, plus attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT II

### Plaintiff v. Defendant School District of Philadelphia
### Violation of 42 U.S.C. § 12112(b)(5)(A)

74. Plaintiff incorporates all preceding paragraphs as if set forth fully at length below.

75. Defendant discriminated against Plaintiff on the basis of disability by not making reasonable accommodation to the known physical limitation of Plaintiff, an otherwise qualified individual with a disability who was an employee, by failing to engage in an interactive process to determine a reasonable accommodation for Plaintiff and thereby causing Plaintiff to be constructively discharged.

76. Defendant failed to demonstrate that an accommodation would impose an undue hardship on the operation of the Wagner School, or any other school in the Philadelphia School District.

WHEREFORE, it is respectfully requested that this Honorable Court grant judgment against Defendant in an amount in excess of $150,000 plus lost wages, lost future earnings, punitive damages, attorney fees under 42 U.S.C. § 1988, cost and expenses.

## COUNT III

### Plaintiff v. Defendant
### Violation of 42 U.S.C. § 12203(a)

77. All preceding paragraphs alleged herein are incorporated and made a part hereof as if set forth at length below.

78. Defendant intentionally delayed the payout to which Plaintiff was entitled by falsely informing Lincoln Investment that Plaintiff was terminated.

79. Plaintiff was forced out of work and forced to retire due to disability even though Plaintiff could perform the work with a reasonable accommodation.

80. The Defendant knew or had reason to know that characterizing Plaintiff's separation as a termination would cause Plaintiff to be declared ineligible to receive the payout.

81. Upon information and belief, Defendant characterized Plaintiff's separation as a termination in retaliation for Plaintiff's complaint regarding Defendant's violation of the Americans with Disabilities Act, as Amended, in violation of 42 U.S.C. § 12203(a).

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant School District in an amount in excess of $150,000 plus lost wages, lost future earnings, pain and suffering, embarrassment, mental anguish, attorney fees under 42 U.S.C. § 1988, costs, expenses, and any other relief which the Court deems just.

## B. STATE LAW CLAIMS

## COUNT IV

Plaintiff v. School District of Philadelphia
Violation of the Pennsylvania Human Relations Act
43 P.S. § 951-963 ("The Act")

82. All preceding paragraphs are incorporated herein as if fully set forth at length below.

83. Defendant engaged in conduct which violated Section 5(a)(5) of The Act in that because of Plaintiff's disability Defendant discriminated against Plaintiff by altering the terms and conditions of her employment through constructive discharge because of her disability.

WHEREFORE, Plaintiff demands judgment against Defendant for monetary damages in an amount in excess of $150,000 plus attorney fees, costs and expenses.

## COUNT V

### Plaintiff v. School District of Philadelphia
Violation of 43 P.S. § 951, Section 5(d)
Retaliation

84. All preceding paragraphs are incorporated herein as if fully set forth below at length.

85. Defendant engaged in conduct which was in retaliation for rights secured to her by Section 5(d) of The Act,

WHEREFORE, Plaintiff demands judgment in the amount of monetary damages in excess of $150,000 plus attorney fees, costs and expenses.

ISAAC H. GREEN, ESQUIRE
DEAN F. OWENS, ESQUIRE

*Attorneys for Plaintiff*
*Cheryl Lee-Owens*



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL
70100290000020173293

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4701*
*Washington, DC 20530*

June 03, 2016

Cheryl Lee-Owens
c/o Isaac H. Green, Esquire
Isaac H. Green, Attorney at Law
200 Limekiln Pike
Glenside, PA 19038

Re: EEOC Charge Against The School District of Philadelphia
    No. 530201402879

Dear Lee-Owens:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under: Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., and, Title V, Section 503 of the Act, 42 U.S.C. 12203.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Philadelphia District Office, Philadelphia, PA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Vanita Gupta
Principal Deputy Assistant Attorney General
Civil Rights Division

by Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Philadelphia District Office, EEOC
    The School District of Philadelphia

JS 44 (Rev. 1/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Lee-Owens, Cheryl

(b) County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, Email and Telephone Number)*
Isaac H. Green, Esquire
200 Limekiln Pike, Glenside, PA 19038
267-625-9189

### DEFENDANTS
School District of Philadelphia

County of Residence of First Listed Defendant: **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | PROPERTY RIGHTS | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 340 Marine | | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | LABOR | SOCIAL SECURITY | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | FEDERAL TAX SUITS | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | IMMIGRATION | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | Other: | ☐ 462 Naturalization Application | | |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC § 12101 et seq.
Brief description of cause:
Americans with Disabilities Act violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 150,000+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: Aug. 24, 2016
SIGNATURE OF ATTORNEY OF RECORD

AUG 26 2016

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| CHERYL LEE-OWENS | : | CIVIL ACTION |
| v. | : | 16 4648 |
| SCHOOL DISTRICT OF PHILADELPHIA | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| Aug. 24, 2016 | Isaac H. Green | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| 267-625-9189 | 215-885-1166 | eileensbiz@yahoo.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

AUG 26 2016

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT** **APPENDIX**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 749 West Allens Lane, Philadelphia, PA 19119    **16    4648**

Address of Defendant: 440 North Broad Street, Philadelphia, PA 19130

Place of Accident, Incident or Transaction: 09-23-2013 Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*
I, Isaac H. Green, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: August 24, 2016    _____ Attorney-at-Law    36059 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: August 24, 2016    _____ Attorney-at-Law    36059 AUG 26 2016   Attorney I.D.#

CIV. 609 (4/03)